STATE OF HAWAII, Plaintiff-Appellee, *v.* ALBERT A. ANDERSON, Defendant-Appellant

NO. 8400

(CRIMINAL NO. 54988)

MARCH 31, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant-Appellant Albert A. Anderson appeals the denial of his "Motion to Withdraw Guilty Plea or, in the Alternative, to Correct or Reduce Sentence."

Anderson contends that in three respects his sentence was imposed in an illegal manner. We agree with Anderson as to one of the three. Consequently, we set aside the sentence and remand for sentencing before another judge.

On November 25, 1980, Anderson was indicted on two counts:

*Count I:* During the period between the approximate dates of July 1, 1975 and November 30, 1979, in the City and County of Honolulu, State of Hawaii, ALBERT A. ANDERSON, did obtain the property of the State of Hawaii, to-wit: public assistance benefits, the total value of which exceeds $200.00 by deception with the intent to deprive the State of Hawaii of said property, thereby committing the offense of THEFT IN THE FIRST DEGREE, in violation of Section 708-831(1)(b) of the Hawaii Revised Statutes.

*Count II:* During the period between the approximate dates of July 1, 1975 and November 30, 1979, in the City and County of Honolulu, State of Hawaii, ALBERT A. ANDERSON, did knowingly obtain by concealing the existence of income or resources received or owned by him, food stamps or coupons under a food stamp plan, which he was not entitled to receive or use under any law or any rule or regulation promulgated pursuant to Section 346-14(9) or Chapter 91 of the Hawaii Revised Statutes, thereby committing the offense of Food Stamp Fraud in violation of Section 346-34 of the Hawaii Revised Statutes.

Theft in the first degree is a class C felony. Hawaii Revised Statutes (HRS) section 708-831(2) (1976, as amended). On January 27, 1981, Anderson's attorney wrote to the State:

This letter will confirm our understanding of the terms and conditions for a plea bargain in the above referenced matter.

It is our understanding that on January 28, 1981, Mr. Anderson will enter a guilty plea to Count I of the Indictment charging a theft in the first degree. He also will file a motion to defer acceptance of his plea which you will not oppose.

We will recommend to the Court — which has discretion to accept or not accept the recommendation — that the plea be deferred for a period of up to five years or until Mr. Anderson completes the payments we have agreed upon for restitution. If the payments are made before five years have elapsed, the matter may be dismissed thereupon.

As to restitution, it is our understanding that the total amount payable by Mr. Anderson is $16,500.00, of which

he already has paid $2,000.00. The balance presently owing is $14,500.00.

Because he does not now have any resources from which to make payments, it is understood that Mr. Anderson will have some flexibility in that regard. But he will attempt to borrow the funds in order to pay $10,000.00 during the calendar year 1981 — $2,500.00 to be paid by the end of March and another $7,500.00 by the end of December. Upon my advice he will endeavor to complete the remaining payments during 1982 and 1983 if he is able to raise the monies required therefor.

Please advise me if the foregoing is incorrect so that we may accurately inform the Court at the time pleas are entered.

Upon sentencing, of course, you will file a dismissal with prejudice as to Count II of the Indictment.

The State admits that it agreed to the terms of the January 27, 1981 letter.[1]

On January 28, 1981, Anderson filed a guilty plea which contained the following, *inter alia:*

1. I plead GUILTY to the charge of theft in the first degree, in violation of § 708-831, Hawaii Revised Statutes.

\*   \*   \*

5. I plead guilty because. . .I requested and received public assistance funds from the State of Hawaii to which I was not lawfully entitled.

\*   \*   \*

8. I have not been promised any kind of deal or favor or leniency by anyone for pleading guilty, except that I have been told that the government has agreed as follows:
(1) to dismiss count II of the indictment; (2) will not oppose my motion for deferred acceptance of a guilty plea for a

---

[1] On May 14, 1981, a *nolle prosequi* was entered as to Count II.

term of five years or until restitution is completed, whichever is earlier; (3) not to demand restitution in excess of $16,500.00 ($2000.00 of which already has been paid, and $10,000.00 more to be paid before December 31, 1981).

Also on January 28, 1981, Anderson filed a motion to defer acceptance of guilty plea under HRS sections 853-1 and 853-4 (1976, as amended).

Section 853-1, HRS, provides:

§ 853-1 Deferred acceptance of guilty plea, discharge and dismissal, expungement of records. (a) Upon proper motion as provided by this chapter:

(1) When a defendant voluntarily pleads guilty, prior to commencement of trial, to a felony or misdemeanor or petty misdemeanor;

(2) It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceeding.

(b) The proceedings may be deferred upon any of the conditions specified by section 706-624. The court may defer the proceedings for such period of time as the court shall direct but in no case to exceed the maximum sentence allowable. The defendant may be subject to bail or recognizance at the court's discretion during the period during which the proceedings are deferred.

(c) Upon his completion of the period designated by the court and in compliance with the terms and conditions established, the court shall discharge the defendant and dismiss the charge against him.

(d) Discharge of the defendant and dismissal of the charge against him under this section shall be without adjudication of guilt, shall eliminate any civil admission of guilt, and is not a conviction.

(e) Upon discharge of the defendant and dismissal of

the charge against him under this section, the defendant may apply for expungement not less than one year following discharge, pursuant to section 831-3.2.

Section 853-4 (1976, as amended) provides in part:

§ 853-4 Chapter not applicable; when. This chapter shall not apply when:

\* \* \*

(6) The defendant has been convicted of any offense defined as a felony by the Hawaii Penal Code or has been convicted for any conduct which if perpetrated in this State would be punishable as a felony;

\* \* \*

(8) This defendant has a prior conviction for a felony committed in any state, federal, or foreign jurisdiction;

\* \* \*

(11) The defendant has been charged with a felony offense and has been previously granted deferred acceptance of guilty plea status for a prior offense, whether or not the period of deferral has already expired;

(12) The defendant has been charged with a misdemeanor offense and has been previously granted deferred acceptance of guilty plea status for a prior felony, misdemeanor, or petty misdemeanor for which the period of deferral has not yet expired;

\* \* \*

Section 706-624 (1976, as amended) provides in part:

§ 706-624 Conditions of suspension of sentence or probation. (1) When the court suspends the imposition of sentence on a person who has been convicted of a crime or sentences him to be placed on probation, it shall attach such reasonable conditions, authorized by this section, as it deems necessary to insure that he will lead a law-abiding life or likely to assist him to do so.

(2) The court, as a condition of its order, may require the defendant:

* * *

(h) To make restitution of the fruits of his crimes or to make reparation, in an amount he can afford to pay, for the loss or damage caused thereby;

(3) * * * When the court sentences a person who has been convicted of a felony to be placed on probation, it may require him to serve a term of imprisonment not exceeding one year as an additional condition of its order. The court may order that the term of imprisonment be served intermittently.

* * *

On April 10, 1981, the lower court judge denied Anderson's motion, found him guilty of Count I, sentenced him to confinement for a maximum term of five years, and ordered him to make restitution of $16,929.37 less any payments made. A mittimus was thereupon issued.[2]

On April 27, 1981, Anderson filed a "Motion to Withdraw Guilty Plea or, in the Alternative, to Correct or Reduce Sentence." The motion was heard on August 7, 1981 and September 4, 1981 and denied on September 25, 1981.

Anderson did not appeal the April 10, 1981 judgment. He appeals the denial of his April 27, 1981 motion which was brought under Rules 32(d) and 35, Hawaii Rules of Penal Procedure (HRPP).

Rule 32(d), HRPP, provides as follows:

Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

---

[2] On November 6, 1981, the lower court judge granted Anderson's motion under HRS section 641-14(a) (1976, as amended) and issued an "Order Staying Execution of Sentence and Granting Bail Pending Appeal."

The sentence having already been imposed before Anderson made his motion, he is not entitled to withdraw his plea except to correct "manifest injustice." Since Anderson has admitted his guilt and since specific performance of his plea bargain can and will be given him without allowing him to withdraw his guilty plea, we conclude that Anderson failed in his burden to show the existence of "manifest injustice."

Rule 35, HRPP, provides as follows:

CORRECTION OR REDUCTION OF SENTENCE. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction. A motion to correct or reduce a sentence which is made within the time period aforementioned shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

To obtain relief under Rule 35, Anderson is required to show that an illegal sentence was imposed or that it was imposed in an illegal manner or that the lower court abused its discretion when it decided not to reduce it.

Clearly, the sentence that was imposed was within legal limits and within the bounds of the lower court's discretion. Therefore, if the sentence was imposed in a legal manner, the lower court did not abuse its discretion when it decided not to reduce it. Consequently, the issue is whether the sentence was imposed in an illegal manner.

Anderson asserts three grounds to support his claim that the sentence was imposed in an illegal manner. We will deal with them seriatim.

1. Anderson contends that the trial judge considered a written sentencing memorandum that was not shown to him or

his counsel.[3]

The only mention of this alleged fact in the lower court record is contained in Anderson's counsel's affidavit which was attached to Anderson's memorandum in support of his April 27, 1981 motion. Paragraph 12 of that affidavit reads as follows:

At the time of the Defendant's sentencing, Affiant is informed and believes that the trial judge was referring to and/or reading from a confidential sentencing memorandum which Mr. ANDERSON and his counsel had never seen and were not afforded any opportunity to correct or rebut.

In our view, Anderson has utterly failed in his burden to establish the alleged fact on the record. Consequently, as far as the appellate record is concerned, it is not a fact.

2. Anderson contends that the trial judge considered information about Anderson's criminal record that is ambiguous, unreliable, and inaccurate. Specifically, he refers to a letter dated July 29, 1981 from the First Circuit's Adult Probation Division which contains Anderson's "record of arrest, as reported by the FBI."[4]

This letter was received after the sentence was imposed on April 10, 1981. It is relevant only to the question whether it was improperly considered in the disposition of Anderson's April 27, 1981 motion.

In our view, the mere fact that a sentencing judge considered ambiguous, unreliable, and inaccurate information when sentencing is not a ground for reversal of the sentence on appeal. *State v. Murphy,* 59 Haw. 1, 575 P.2d 448 (1978). To the extent, if any, that the information is ambiguous, the law

---

[3] Anderson is referring to some memorandum other than the March 11, 1981 Report on Investigation prepared by the First Circuit Court's Adult Probation Division in compliance with HRS section 706-601 (1976).

[4] This information is relevant first to the question of whether HRS section 853-4 precluded the lower court from granting Anderson's motion for a DAG plea and, if not, then second to the question of whether the lower court should, in its discretion, grant Anderson's motion for DAG plea.

trusts the lower court judge to recognize the fact and to give it appropriate consideration. To the extent, if any, that the information is unreliable and inaccurate, it is the defendant's duty to demonstrate that fact to the sentencing judge. *See* HRS section 706-604 (1976).

In this case, Anderson was accorded full opportunity to rebut the information contained in the FBI's report. That information was the major topic of discussion at the August 7, 1981 hearing. At Anderson's request, that hearing was continued to September 4, 1981 to allow him time to gather information in rebuttal. The lower court judge considered all information from both sides before deciding to deny Anderson's April 27, 1981 motion.

3. Anderson contends that the State breached the plea agreement. We agree.

In its plea bargain, the State agreed not to oppose Anderson's motion to defer acceptance of his guilty plea. Fairly construed, that means that the State agreed not to urge the court to impose a sentence other than a deferred acceptance of guilty (DAG) plea.

At the hearing on April 10, 1981, the State commented as follows:

So, Your Honor, the State is faced with the perplexing position of having a man commit a variety of frauds and receiving overpayments totalling close to $20,000 and yet being very cooperative as pointed out by his counsel, as well as pointed out by his investigator, and as well as evidenced by his offering to the State as of this point in time $4,000 as restitution.

Now, again reiterating that the State of course per its plea agreement agreed not to oppose a motion for dag plea; however, it is within the discretion of the court, even when granting that dag plea, if it so decides, to impose a one-year jail term. The State asks that perhaps a jail term is appropriate in this case because we have a deterrent. We have a position that must be presented to the public regarding welfare fraud. It is a white collar crime, and we're receiving investigations, Your Honor, every month. Four to five every month. So it's something that is actively going on, and it's necessary that the public knows that welfare fraud-

ers are being caught, indicted, and paying the money back, as well as being acted upon by the State for the crime[.] So that we can prevent further fraud from the State of monies and so that the welfare recipients themselves feel like that they in their honesty are trying to make a living on what they have, are not being put to shame by other people who are working as well as cheating the State, being able to have a skill and securing extra income by collecting welfare.

Now, Your Honor, realizing that Mr. Anderson is employed, and, if you feel that he should serve a one-year term prior to imposition of the dag, then perhaps equivalent weekends in jail would be sufficient.

Further, Your Honor, if you decide to deny the dag plea, then we would note that pursuant to HRS 706-641(2), the court may impose a fine in addition to a sentence where, pursuant to 706-641(2)(a), the defendant has derived pecuniary gain from the crime. In this particular case, Your Honor, the defendant gained $20,000. Therefore, pursuant to 706-641(3)(a) and (b), you have to determine if the defendant is able to pay that fine — and presently he is an assistant manager at Holiday Inn — and if that fine will prevent restitution. The State would assert it would not.

So, therefore, Your Honor, if you consider denying the dag plea, then the State would suggest that a fine is appropriate in this case as well as weekends in jail or a prison term if the court so deems fit.

We would ask for an imposition of a $5,000 fine or whatever amount the court deems necessary.

Therefore, the State asks, as terms and conditions of probation, that if you grant — excuse me. Therefore, the State asks that, if you grant the dag, a one-year term or equivalent weekends in jail be appropriate. That if the court determines that the dag should be denied, then a one-year term or equivalent weekends in jail and a $5,000 fine be imposed.

Further, the State asks as conditions of probation, pursuant to what may be proposed by the court, probation for the full five years or a balance, considering the time spent in jail; that defendant make full restitution of his $16,500 per the plea agreement within the five years; that he

sign a promissory note for this amount or, pursuant to 706-624(k), he post a bond with surety conditioned on making full restitution; and he maintain full-time employment.

At the August 7, 1981 hearing, the State commented as follows:

In his eight prior arrests, in his one conviction which he did report in New Mexico and the very theft that resulted in the charge that's brought before this Court today, he was convicted of welfare fraud in Honolulu. He had, despite what defense counsel would say as being charges that were not as flagrant as other welfare fraud cases, it is on record before this Court that the defendant's course of conduct with respect to the welfare fraud charge in this case was as flagrant as any we had ever seen. It involved five separate violations: fraudulently making medical disability reports, not reporting two employments, forging a doctor's signature on the medical disability report, claiming he had a child and a wife which were never verified. Furthermore, collecting unemployment insurance benefits, all within four years while he's collecting public assistance benefits, all of which were never reported to the Social Worker.

All of that served the basis and a supporting foundation for this Court's judgment and conviction of five years.

Therefore, your Honor, we would feel that it is very appropriate not only in light of the new evidence that has been presented through the letter of [the probation officer] which comes through him through an NCIC check of the FBI, but also based on the presentence investigative report which is also before this Court that it is inappropriate for Mr. Anderson to have his sentence reduced in any degree from what the Court originally imposed as its sentence in this case.

At the September 4, 1981 hearing, the State commented as follows:

MR. CHUNG: First of all, Your Honor, to seemingly clarify defense counsel's comment as to Mr. Anderson's prior record not consisting of any felonies despite the 8 charges that exist on the, in the letter from [the probation officer] to this Court, the State would point the Court to

page 2 of the document, affidavit of Richard Eiden, noting at the top first complete paragraph that he looked at the microfilm of the superior court file with regard to the charge of — bound over from Pasadena to Los Angeles Superior Court and the specific criminal number is 326649. And the State would point out for the Court that Mr. Anderson was sentenced to 3 years probation and 15 weekends in jail as condition of the probation and the state would further argue that it is general principle of criminal law that any sentence of over a year, be it probation or jail time, is a felony and despite what the sentence, misdemeanor sentence or misdemeanor like sentences that are placed on Mr. Anderson, based on the disposition of the judge at the point in time, it is clear, based on Mr. Eiden's own affidavit, that Mr. Anderson was convicted and sentenced to a felony with regard to that charge bounded over to Los Angeles Superior Court. Whether the charges were felonies or misdemeanors, the fact that Mr. Anderson and his counsel has required two hearings to try and explain away 8 charges that were never reported to the adult probation officer at the time of the pre sentence investigation, nor were they brought before this Court at the time of the original sentencing, would show that Mr. Anderson is continuing in his manipulative conduct and ability to attempt to show this Court that he is not what he really is and that is, he has a history of deception. He has been involved in crimes for close to 20 years now and he is now again trying to still deceive this Court by presenting to this Court a record that would apparently be less blemished than it really is. So the state argues that this pattern of deception and manipulation that is, has continued through the pre sentence, through the sentence and even up to this point in time, this, at this reconsideration hearing, goes directly as against rehabilitation as an individual and as a member of society. And therefore without even going to the report from the doctors as well as other individuals who have known Mr. Anderson, since all those reports are consistent in that they all find Mr. Anderson to be a nice man, the State would point out that those consistencies go to the basis of his manipulation. He presents himself as being a

very forthright person, very sweet, easy to get along with, yet on the other hand if he can deceive the individual, he goes ahead and does it.

His record shows that his record of the present offense shows that and his conduct during the pre sentence investigation and since time of sentencing also reflects that, Your Honor, and therefore, the state would ask that this Court consider the nature of the instant offense that brought him before this Court involving a fraud of 19 thousand dollars be weighed heavily in this Court's consideration of this motion and the State asks this Court deny the motion for reconsideration.

The State did not breach its plea bargain when it told the court what sentencing alternatives were available to it. Nor did the State breach its plea bargain when it asked for a one-year jail term since such a jail term is authorized as a condition of a DAG plea. The plea bargain does not say that the DAG plea which the State agreed not to oppose would not involve jail time or that Anderson could not pay the agreed upon restitution if he was required to serve jail time.

However, when the State, at the April 10, 1981 hearing, in effect advised the judge, "If you decide to deny Anderson's motion for DAG plea, then the State urges you to confine him for one year and fine him $5,000," it breached its plea bargain not to urge the judge to impose a sentence other than a DAG plea.

Moreover, when the State, at both the August 7, 1981 and the September 4, 1981 hearings, defended the judge's decision to deny Anderson's motion for DAG plea and to confine him for a maximum of five years, it again breached its plea bargain not to urge the judge to impose a sentence other than a DAG plea.

A sentence that is imposed after a hearing in which the State breaches its plea bargain is a sentence that has been imposed in an illegal manner. *State v. Waiau,* 60 Haw. 93, 588 P.2d 412 (1978). Sentencing by another judge is the proper remedy in such a case. *Id.* Therefore, the lower court abused its discretion when it declined to withdraw its sentence and to arrange for Anderson to be sentenced by another judge.

The denial of Anderson's motion to withdraw guilty plea is

affirmed. The judgment is set aside and the case is remanded for sentencing by another judge.

*Eric A. Seitz* for appellant.

*Loretta A. Ebinger,* Deputy Attorney General, for appellee.