901 P.2d 1296

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Bobby Darren ABBOTT, Defendant–Appellant.**

**No. 16777.**

Intermediate Court of Appeals of Hawai'i.

Aug. 23, 1995.

Emmett E. Lee Loy, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

Mark R. Simonds, Deputy Prosecuting Atty., County of Maui, on the brief, Wailuku, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

WATANABE, Judge.

In this appeal, Defendant–Appellant Bobby Darren Abbott (Defendant) contends that his sentence was illegally imposed because the State of Hawai'i (State) violated the terms of a plea agreement which had induced him to plead no contest to a charge of sexual assault in the third degree. Defendant therefore urges us to reverse the November 17, 1992 Order of the Second Circuit Court which (1) denied his Motion for Specific Performance of Plea Agreement and for Sentencing Before a New Judge, and (2) denied his Motion to Reconsider Sentence.

We conclude that the State breached its plea agreement with Defendant. Accordingly, we vacate Defendant's sentence and remand for resentencing before a new judge.

## I. BACKGROUND

On June 2, 1992, Defendant was charged with three counts of Sexual Assault in the

Third Degree, violations of Hawaiʻi Revised Statutes (HRS) § 707–732(1)(b) (Supp.1992).[1] The three counts were identical, each asserting that Defendant did knowingly subject a person less than fourteen years old to sexual contact, or cause him to have sexual contact with Defendant.

On August 18, 1992, pursuant to a plea agreement with the State, Defendant entered a no-contest plea to the first count of the charges against him. In exchange, the State agreed to dismiss counts two and three and recommend that Defendant be sentenced to five years of probation. The State also reserved the option to request that Defendant be sentenced to up to one year in jail and to "argue for other terms and conditions of probation, including a fine, counseling, etc."

The State appeared at the sentencing hearing on October 15, 1992 and complied with the plea agreement by recommending that Defendant serve a five-year probation period. However, it also argued that Defendant be sentenced to serve a one-year prison term, without credit for the five months of pre-trial detention that Defendant had already served. The State also requested, as a further condition to probation, that Defendant undergo human immunodeficiency virus (HIV) testing and that his test results be provided to the victim and the victim's family.

Despite the State's recommendation, the circuit court sentenced Defendant to the maximum five-year prison term, with credit for time served. The court also ordered that Defendant undergo HIV testing.

On October 20, 1992, Defendant filed a Motion to Reconsider Sentence and Court Ordered HIV Testing, arguing that the State had breached the plea agreement by (1) requesting that Defendant serve a jail term of one year and five months, rather than the agreed-upon one year; and (2) seeking to have Defendant undergo HIV testing. Defendant also moved for specific performance of the plea agreement and for sentencing before a new judge.

The court eventually denied both motions, except that it did set aside its order that Defendant undergo HIV testing. This appeal followed.

## II. *DISCUSSION*

### A.

It is well-settled that a state is bound by the terms of a plea agreement which serves as the inducement or consideration for a defendant's guilty or no-contest plea. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *State v. Waiau,* 60 Haw. 93, 96, 588 P.2d 412, 414 (1978). Therefore, a sentence imposed after a hearing at which the State breaches its plea agreement with the defendant is illegal and must be set aside. *State v. Anderson,* 4 Haw.App. 102, 114, 661 P.2d 716, 724 (1983). The appropriate remedy in such instances is to either resentence the defendant or allow the defendant to withdraw his or her plea, and considerable weight should be given by the trial court to the defendant's choice of remedies. *State v. Adams,* 76 Hawaiʻi 408, 414, 879 P.2d 513, 519 (1994).

Disputes over the meaning of plea agreements involve questions of fact, and our review of factual determinations made by a trial court is governed by the "clearly erroneous" standard. *Id.* at 411, 879 P.2d at 516. A factual determination is clearly erroneous when (1) the record lacks substantial evidence to support the finding; or (2) despite substantial evidence to support the finding, the appellate court is left with a definite and firm conviction that a mistake has been com-

1. Hawaiʻi Revised Statutes (HRS) § 707–732(1)(b) (Supp.1992) provides, in relevant part:
    (1) A person commits the offense of sexual assault in the third degree if:
    ....

   (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

mitted. *State v. Okumura*, 78 Hawai'i 383, 392, 894 P.2d 80, 89 (1995).

██ Whether the State has actually breached the terms of a plea agreement, however, is a question of law, which we review de novo under the right/wrong standard of review. *U.S. v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir.1989).

### B.

The plea agreement between the State and Defendant did not explicitly address the issue of whether the State could request that Defendant be HIV-tested. The agreement was also silent as to whether the State's right to argue for up to one year of jail time included or excluded pre-trial jail time already served by Defendant.

██ The State points out, however, that it specifically reserved the right to argue for "other terms and conditions of probation." Furthermore, HRS § 706–624 (Supp.1992) allows a sentencing court to provide, as further conditions of a sentence of probation, that the defendant "[s]ubmit to periodic urinalysis or other similar testing procedure," and "[s]atisfy other reasonable conditions as the court may impose." HRS § 706–624(2)(m) and (n). The State therefore contends that no breach occurred when the State argued that Defendant be HIV-tested as a condition of his probation.

The State also argues that since the plea agreement is silent as to whether the State could argue that Defendant receive no credit for time served, no breach of the agreement occurred. If a breach did occur, the error was harmless, according to the State, since the sentencing court specifically represented that it was not affected by the State's allegedly improper recommendation.

██ The touchstone for determining whether a breach of a plea agreement has occurred, however, "is whether the defendant has reasonable grounds for reliance on his interpretation of the prosecutor's promise,

and whether the defendant in fact relied to his detriment on that promise." *Commonwealth v. Santiago*, 394 Mass. 25, 28, 474 N.E.2d 154, 157 (1985). This determination "requires an inquiry into the precise meaning of the language of the agreement as it was understood by the defendant and defendant's legitimate expectations arising therefrom." *People v. McCormick*, 839 P.2d 474, 479–80 (Colo.App.1992) (reversed on other grounds).

██ Furthermore, a plea agreement containing terms that are ambiguous or reasonably susceptible to different interpretations is strictly construed in favor of the defendant. *Id.* at 480; *State v. Wills*, 244 Kan. 62, 69, 765 P.2d 1114, 1120 (1988). Even where the state technically complies with every term, a breach of the plea agreement may be found if the spirit of the agreement is breached. *State v. Chavez*, 130 Ariz. 438, 439, 636 P.2d 1220, 1221 (1981) (defendant granted relief where the state did not violate letter of plea agreement but agreement was based on mutual mistake); *Kluttz v. Warden, Nevada State Prison*, 99 Nev. 681, 669 P.2d 244 (1983) (breach found where prosecutor did not technically violate any term but implicitly sought sentence in excess of that agreed to in plea agreement by advising sentencing judge that state had entered into plea agreement without knowledge of all salient facts).

██ In this case, Defendant maintains that he could not reasonably have been expected to anticipate that the State would argue for HIV testing or a one-year prison term with no credit for time served, since both options are prohibited by statute. We agree.

### 1.

Hawai'i Revised Statutes § 325–16 (Supp. 1992) specifically provides that, except in certain situations not applicable here, "[n]o health care provider, blood bank, plasma center, or any other public or private agency, institution, or individual may subject a person's body fluids or tissue to a test for the

presence of ... [HIV] infection unless the subject for the test first provides informed written consent to the testing." The sentencing court therefore had no authority to order Defendant to undergo an HIV test without his informed consent, and Defendant could not reasonably have expected that the State would request such testing as a condition of probation.

■ The State suggests that its request for HIV testing was justified by HRS § 325–101(a)(11) (Supp.1992), which allows a court to order the release of records indicating that a person has an HIV infection, "after an in camera review of the records, upon a showing of good cause by the party seeking the release of the records." However, nowhere does that statute authorize the court to order testing, and the State's contention is thus meritless.

### 2.

Pursuant to HRS § 706–624 (Supp.1992), a sentencing court may require, as a further condition of a sentence of probation, that the defendant "[s]erve a term of imprisonment not exceeding one year in felony cases." However, HRS § 706–671(1) (1985) provides that "[w]hen a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following his arrest for the crime for which sentence is imposed, such period of detention following his arrest shall be deducted from the minimum and maximum terms of such sentence."

Based on the foregoing statutes, the sentencing court would have no authority to sentence Defendant to five years' probation and more than one year in prison. Furthermore, it was required to credit Defendant for the time he had already served in pre-trial detention. We agree with Defendant, therefore, that when he agreed to the plea agreement, he could not reasonably have expected that the State would argue that he be required to serve a one-year prison term without credit for the five months of pre-trial detention that he had already served.

### III. *CONCLUSION*

Although the parties' plea agreement did not explicitly address the precise issues which Defendant raises on appeal, we conclude that, in view of the statutes, Defendant could not have reasonably expected that the State would request that Defendant be HIV tested or denied credit for jail time served in pre-trial detention. Accordingly, we agree that the State breached its plea agreement with Defendant.

Because Defendant has not sought to withdraw his no-contest plea and instead requests resentencing before a new judge, and because Defendant's choice of remedies is entitled to great weight, *Adams,* 76 Hawai'i at 414, 879 P.2d at 519, we hereby vacate the Second Circuit Court's November 17, 1992 order denying (1) Defendant's Motion for Specific Performance of Plea Agreement and for Sentencing Before a New Judge, and (2) Defendant's Motion to Reconsider Sentence. This case is remanded for resentencing before a different judge.