LAW LIBRARY

NO. 29853

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WILLIAM K. KEKONA, III, also known as "BILLY,"
Defendant-Appellant.

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I

2010 SEP 22 AM 9:15

FILED

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0723(3))


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WILLIAM K. KEKONA, III, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0398(3))


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WILLIAM K. KEKONA, III, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CRIMINAL NO. 08-1-0166(3))


MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise, Leonard, JJ.)

Defendant-Appellant William K. Kekona, III, (Kekona)
pleaded no contest to bail jumping pursuant to a plea agreement
in which Plaintiff-Appellee State of Hawai'i (State) agreed to
recommend five years of probation. Kekona was subsequently
charged with numerous additional crimes. Pursuant to plea
agreements to resolve the additional charges, Kekona knowingly
and voluntarily waived his right to the State's performance of
its probation recommendation in the bail jumping case and agreed
that the State would ask for five years of imprisonment on the
bail jumping charge. Kekona was sentenced in accordance with the
terms of the plea agreements on the additional charges. He now

seeks to vacate his plea and sentence on the bail jumping charge on the ground that the State breached its original agreement to recommend probation.

This case presents the question of whether a defendant can knowingly and voluntarily waive the State's performance of a condition of a plea agreement. We hold, under the circumstances presented here, that the answer to this question is yes. Accordingly, we affirm Kekona's conviction and sentence on the bail jumping charge as well as his convictions and sentences on the additional charges.

BACKGROUND

Kekona appeals from the Judgment filed on April 24, 2009, in the Circuit Court of the Second Circuit (circuit court) and the Family Court of the Second Circuit (family court) (collectively referred to as the "trial court") in three cases, Cr. No. 07-1-0723 (3), Cr. No. 08-1-0398(3), and FC-Cr. No. 08-1-0166(3).[1/]

I.

On November 30, 2007, Kekona was charged by indictment with first degree bail jumping in Cr. No. 07-1-0723(3). On April 8, 2008, Kekona pleaded no contest to the bail jumping charge pursuant to a plea agreement (the "original plea agreement") in which the State agreed to recommend five years of probation. The written original plea agreement stated in pertinent part, "In exchange for Defendant's No Contest plea, the State agrees to five (5) years probation, with no further jail to be imposed in this matter." During his change of plea colloquy, Kekona acknowledged that he understood that the circuit court was "not required to follow any deal or agreement" between Kekona and the State.

---

[1/] The Honorable Joseph E. Cardoza presided over the proceedings relevant to this appeal in all three cases.

2

## II.

Kekona was subsequently charged with numerous additional crimes. These additional crimes were alleged to have been committed by Kekona after his entry of the no contest plea on the bail jumping charge. On May 9, 2008, Kekona was charged by complaint in family court in FC-Cr. No. 08-1-0166(3)[2] with violating an order for protection (Count I) and interfering with the reporting of an emergency or crime (Count II).

On June 16, 2008, Kekona was charged by complaint in circuit court in Cr. No. 08-1-0398(3) with first degree assault (Count I); violating an order for protection (Count II); intimidating a witness (Count III); and first degree terroristic threatening (Count IV). Counts I, III, and IV alleged that Kekona was subject to sentencing for extended terms of imprisonment as a persistent and multiple offender in accordance with Hawaii Revised Statutes (HRS) §§ 706-661, 706-662(1), and 706-662(4) (Supp. 2009). On July 23, 2008, the charges set forth in FC-Cr. No. 08-1-0166(3) and Cr. No. 08-1-0398(3) (hereinafter referred to as the "additional charges") were consolidated for trial.

## III.

On February 26, 2009, Kekona pleaded no contest to the additional charges in FC-Cr. No. 08-1-0166(3) and Cr. No. 08-1-0398(3) pursuant to written plea agreements (collectively referred to as the "subsequent plea agreements"). The plea agreement in Cr. No. 08-1-0398(3) provided in pertinent part:

> 8. I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows . . . :
>
> Open recommendation.
>
> State will recommend 10 years on Count I, 5 years on counts III and IV; one year on count II. And State will ask 5 years on Cr. No. 07-1-0723(3) [(the bail jumping case)]. All counts to run concurrent.

---

[2] The original case number was FC-Cr. No. 08-1-0166(4) but eventually became FC-Cr. No. 08-1-0166(3).

> This case to run concurrent with FC No. 08-1-0166(3) and with Cr. No. 07-1-0723(3) (Bail Jumping). State will take no further action on the Intimidating a Witness and Violation of Order for Protection charges, under MPD Report No. 08-46559 and 08-46568, which are pending screening. Defendant agrees to waive restitution hearing and pay restitution as determined by the Adult Probation Division.
>
> Defense may request Probation. Defense requests updated Presentence report.

(Emphasis added.)

The plea agreement in FC-Cr. No. 08-1-0166(3) provided in pertinent part:

> 8. I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows . . . :
>
> Open recommendation.
>
> State will recommend one year on Count I, and 30 days on Count II. All counts to run concurrent. This case to run concurrent with CR. No. 08-1-0398(3) and with Cr. No. 07-1-0723(3) (Bail Jumping). State will take no further action on the Intimidating a Witness and Violation of Order for Protection charges, under MPD Report No. 08-46559 and 08-46568, which are pending screening. Defendant agrees to waive restitution hearing and pay restitution as determined by the Adult Probation Division.
>
> Defense may request Probation. Defense requests updated Presentence report.

At the change of plea hearing on the additional charges, the trial court read Paragraph 8 of the subsequent plea agreements in Cr. No. 08-1-0398(3) and FC-Cr. No. 08-1-0166(3) to Kekona. The trial court explained that the term "open recommendation" as used in Paragraph 8 means that the State will be asking for the "regular" maximum terms of imprisonment and will not be seeking extended terms of imprisonment. The trial court advised Kekona that the State will not be seeking consecutive sentences. The trial court further advised Kekona that, pursuant to the subsequent plea agreements, Kekona and the State had revised their plea agreement in the bail jumping case, such that the State can ask for imprisonment instead of its previous agreement to ask for probation. Kekona acknowledged

4

that he understood these terms.  The colloquy between the trial court and Kekona was in pertinent part as follows:

> THE COURT:  Open recommendation means they'll be asking for the regular maximum terms of imprisonment for each of the six counts.  They will not be asking for consecutive sentencing or extended terms of sentencing under this plea agreement, and they have -- <u>I guess you and the government have revised the bailjumping plea agreement, such that the government can ask for prison on that.  They've previously agreed to ask for probation.  Do you understand that</u>?
>
> [KEKONA]:    Yes.
>
> THE COURT:  As clarified on the record, is this your understanding [of] the plea agreement with the government in these two cases?
>
> [KEKONA]:  Yes.
>
> THE COURT:  Has anyone said anything different concerning your plea agreement?
>
> [KEKONA]:    No.

(Emphasis added.)

At the change of plea hearing on the additional charges, Kekona also confirmed that he had signed the subsequent plea agreements after reviewing them with his attorney.  He signed the acknowledgment in the subsequent plea agreement forms that stated, "I acknowledge that the Judge questioned me personally in open court to make sure that I knew what I was doing in pleading guilty or no contest and understood this form before I signed it."  The trial court accepted Kekona's pleas of no contest to the additional charges in Cr. No. 08-1-0398(3) and FC-Cr. No. 08-1-0166(3), finding that Kekona had entered those pleas "intelligently, knowingly, voluntarily, and with the advice of counsel."

IV.

On April 23, 2009, Kekona appeared for sentencing before the trial court on the bail jumping charge in Cr. No. 07-1-0723(3) as well as the additional charges in Cr. 08-1-0398(3) and FC-Cr. No. 08-1-0166(3).  At the outset of the hearing, the trial court noted that the original plea agreement in the bail jumping case had been modified by the subsequent plea agreements

5

on the additional charges. The trial court explained that it would rule within the framework of the subsequent plea agreements, which, as the trial court stated, included the State's recommendation of "five years [of imprisonment] on the bail jumping, because originally, there was a different agreement there." Kekona's counsel agreed that Kekona was "not asking for an exception" from the subsequent plea agreements.

At sentencing, the prosecutor, consistent with the subsequent plea agreements, recommended that the trial court sentence Kekona to concurrent non-extended maximum terms of imprisonment, including five years of imprisonment on the bail jumping charge. Kekona's counsel did not object to the prosecutor's recommendation. The trial court imposed the concurrent terms of imprisonment recommended by the prosecutor. This included a ten-year term of imprisonment for the class B felony and five-year terms of imprisonment for the three class C felonies.

## DISCUSSION

On appeal, Kekona contends that the State violated the terms of its plea agreement in the bail jumping case by recommending five years of incarceration at sentencing when the original plea agreement called for the State to recommend probation. Kekona claims that his agreement to revise the original plea agreement in the subsequent plea agreements was invalid because the trial court did not consolidate the bail jumping case with the other cases and did not have Kekona re-plead to the bail jumping charge. Kekona requests that his sentence and plea in the bail jumping case be vacated, and he also requests that the case be remanded for "re-sentencing on the charges in the other two cases." We conclude that Kekona's arguments on appeal are without merit.[3]

---

[3] Kekona provides no argument to support his contention that he is entitled to resentencing on the additional charges. He does not challenge the validity of the subsequent plea agreements, his no contest pleas to the

(continued...)

The Hawaiʻi Supreme Court has stated:

> <u>A plea agreement is essentially a contract entered into between the State and the defendant</u>, in which the defendant agrees to plead guilty or no contest to a charge and to forego certain constitutional rights (including the right to trial) in exchange for which the State promises some form of leniency or cooperation in prosecution. Indeed, courts have often looked to contract law analogies in determining the rights and obligations of the parties to a plea agreement. However, because the plea negotiation process implicates constitutional considerations -- including the fairness and voluntariness of the plea -- we have recognized that resort to contract principles cannot solely be determinative of the rights and duties comprising the plea bargain.

<u>State v. Adams</u>, 76 Hawaiʻi 408, 412, 879 P.2d 513, 517 (1994) (citation omitted; emphasis added).

"Disputes over the meaning of plea agreements involve questions of fact," and we review the trial court's factual determinations under the clearly erroneous standard. <u>State v. Abbott</u>, 79 Hawaiʻi 317, 319, 901 P.2d 1296, 1298 (App. 1995). "Whether the State has actually breached the terms of a plea agreement, however, is a question of law, which we review de novo under the right/wrong standard of review." <u>Id.</u> at 320, 901 P.2d at 1299.

### I.

We conclude that the decision in this case is controlled by the principle of waiver. The Hawaiʻi Supreme Court has "long permitted defendants to waive constitutional rights, provided it is done knowingly, intelligently, and voluntarily." <u>State v. Timoteo</u>, 87 Hawaiʻi 108, 123, 952 P.2d 865, 880 (1997) (Ramil, J., dissenting, joined by Levinson, J.). It is also well established that a party to a contract can waive the performance of a condition or term of the contract. <u>See</u> <u>Wilart Assocs. v. Kapiolani Plaza, Ltd.</u>, 7 Haw. App. 354, 358-60, 766 P.2d 1207,

---

[3]/(...continued)
additional charges, or the sentences imposed on the additional charges. Thus, even if we were to determine that Kekona's arguments regarding the bail jumping charge had merit, he would not be entitled to require resentencing on the additional charges.

1210-11 (1988); <u>First Trust Co. v. Cabrinha</u>, 24 Haw. 777, 784 (Hawai'i Terr. 1919).

II.

Here, Kekona entered into the original plea agreement with the State on the bail jumping charge in which the State agreed to recommend probation. Absent any action by Kekona to free the State of this obligation, Kekona had the right to insist on the State's performance. However, Kekona chose to waive his right to insist on the State's performance of its obligation to recommend probation. He did so by entering into subsequent plea agreements regarding the additional charges in which he specifically agreed that the State could recommend five years of imprisonment on the bail jumping charge. In effect, Kekona used the waiver of his right to insist on the State's performance of its obligation to recommend probation on the bail jumping charge as partial consideration for the subsequent plea agreements. Kekona obtained substantial benefits from the subsequent plea agreements in the form of the State's promise to not seek consecutive or extended terms of imprisonment on the additional charges and to forego pursuing other potential charges.

"Waiver is the intentional relinquishment of a known right[.]" <u>Wilart Assocs.</u>, 7 Haw. App. at 359, 766 P.2d at 1210 (internal quotation marks and citation omitted).

> A party to a contract may waive, by express agreement or by its course of conduct, its legal right to strict performance of the terms of a contract. The waiver doctrine is intended to prevent the waiving party from lulling another into a false belief that strict compliance with a contractual duty will not be required and then suing for noncompliance.

<u>Lake County Grading Co. v. Advance Mechanical</u>, 654 N.E.2d 1109, 1118 (Ill. App. Ct. 1995) (citation omitted). A defendant can waive a breach by the prosecution of a plea agreement or the right to challenge the validity of a prior guilty plea through a subsequent plea agreement. <u>See</u> <u>Donahue v. State</u>, 655 S.W.2d 642, 645-46 (Mo. Ct. App. 1983) (defendant waived any breach of prior plea agreement requiring the imposition of concurrent sentences

by entering into a subsequent plea agreement calling for the imposition of consecutive sentences); Ferina v. State, 742 S.W.2d 215, 216-17 (Mo. Ct. App. 1987) (defendant waived right to challenge the validity of a prior guilty plea by agreeing to withdraw this claim as part of a subsequent plea agreement).

III.

The record reflects that in entering into the subsequent plea agreements, Kekona knowingly and voluntarily waived his right to enforce the State's agreement in the original plea agreement to recommend probation on the bail jumping charge. The subsequent plea agreement on the additional charges in Cr. No. 08-1-0398(3) provided that the State would ask for five years of imprisonment on the bail jumping charge. At the change of plea hearing on the additional charges, the trial court advised Kekona that the subsequent plea agreements had revised the original plea agreement so that the State could ask for prison on the bail jumping charge, even though it had previously agreed to ask for probation. Kekona acknowledged that he understood that the original plea agreement had been revised.

The record shows that Kekona entered into the subsequent plea agreements with the full knowledge and understanding that he was agreeing to give up his right to enforce the State's performance of its obligation under the original plea agreement to recommend probation on the bail jumping charge. The record further establishes that Kekona entered into the subsequent plea agreements and pleaded no contest to the additional charges intelligently, knowingly, and voluntarily. Through the subsequent plea agreements, Kekona knowingly and voluntarily waived his right to enforce the State's promise in the original plea agreement to recommend probation on the bail jumping charge.

We perceive no unfairness in holding Kekona to his waiver, which Kekona used to his advantage. Kekona used his waiver to obtain concessions from the State in the subsequent plea agreements, which included the State's agreement not to seek

9

consecutive or extended terms of imprisonment on the additional charges. Having obtained the benefit of the subsequent plea agreements, Kekona cannot be allowed to avoid the consequences of his waiver. Indeed, it would be manifestly unfair to permit Kekona, after using his waiver as partial consideration for the subsequent plea agreements from which he benefitted, to then invalidate his bail jumping plea on the ground that the State "breached" the original plea agreement by failing to perform the very condition Kekona had agreed to waive.

While consolidating the bail jumping case with the other cases or having Kekona re-plead to the bail jumping charge would have produced a cleaner record, the failure of the trial court to do so did not prejudice Kekona's substantial rights. Kekona understood and agreed that he was giving up his right to enforce the State's prior agreement to recommend probation on the bail jumping charge as part of the subsequent plea agreements. Kekona does not claim otherwise. The bail jumping charge was a class C felony, with a maximum non-extended prison term of five years. The additional charges included a class B felony, with a maximum non-extended prison term of ten years, and two class C felonies. The State's recommendation of probation on the bail jumping charge would have been of little benefit to Kekona if the State recommended imprisonment on the class B and C felonies included in the additional charges.[4] Moreover, with respect to the potential severity of Kekona's punishment, the trial court's decision on whether to impose extended or non-extended terms of imprisonment or consecutive or concurrent terms of imprisonment on the additional charges was far more important to Kekona than the trial court's decision on whether to impose probation or imprisonment on the bail jumping charge.

---

[4] We note that because Kekona was sentenced on the additional charges and the bail jumping charge at the same time, the trial court could not have sentenced Kekona to maximum non-extended terms of imprisonment on the additional charges and also sentenced him to probation on the bail jumping charge. See HRS § 706-629(1)(a) (1993).

Kekona reduced his risk of being sentenced to more than ten years of imprisonment by securing the State's agreement in the subsequent plea agreements to recommend concurrent terms of imprisonment for all the charges. As part of the subsequent plea agreements, Kekona and the State agreed that with respect to the additional charges, the State would recommend concurrent non-extended terms of imprisonment of ten years on the class B felony and five years on the two class C felonies. Given Kekona's agreement to the State's incarceration recommendation on the additional charges, Kekona had little to gain by insisting on a probation recommendation on the bail jumping charge. Kekona does not contend, and there is no basis for believing, that Kekona would have struck a different deal than set forth in the subsequent plea agreements if all the cases had been consolidated or if Kekona had been asked to re-plead to the bail jumping charge.

CONCLUSION

We affirm the April 24, 2009, Judgment filed by the trial court in Cr. No. 07-1-0723(3), Cr. No. 08-1-0398(3), and FC-Cr. No. 08-1-0166(3).

DATED: Honolulu, Hawai'i, September 22, 2010.

On the briefs:

Matthew S. Kohm
for Defendant-Appellant.

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

11