***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 Electronically Filed
 Supreme Court
 SCWC-12-0000106
 08-OCT-2013
 08:14 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o---

 STATE OF HAWAI#I, Respondent/Plaintiff-Appellee,

 vs.

 DANIEL S. NAKANO, Petitioner/Defendant-Appellant.

 SCWC-12-0000106

 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (CAAP-12-0000106; CASE NO. 1DTA-11-02743)

 OCTOBER 8, 2013

 RECKTENWALD, C.J., NAKAYAMA, ACOBA, McKENNA, AND POLLACK, JJ.

 OPINION OF THE COURT BY RECKTENWALD, C.J.

 Daniel S. Nakano was charged with Operating a Vehicle

Under the Influence of an Intoxicant (OVUII) in violation of

Hawai#i Revised Statutes (HRS) §§ 291E-61(a)(1), (a)(3), and

(b)(1). Nakano entered a conditional no contest plea as to HRS

§ 291E-61(a)(1), conditioned on his ability to appeal on the
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

ground that the charge was defective because it did not allege a

state of mind. The State consented to the conditional plea.

Although Nakano’s written submission of plea form contained a

conditional plea only to the HRS § 291E-61(a)(1) method of proof,

the district court convicted Nakano of OVUII under both HRS

§§ 291E-61(a)(1) and (a)(3).1

 On appeal, the Intermediate Court of Appeals (ICA)

determined that the district court’s judgment should be vacated

as to the HRS § 291E-61(a)(1) method of proof based on this

court’s decision in State v. Nesmith, 127 Hawai#i 48, 276 P.3d

617 (2012). The ICA further vacated Nakano’s conviction as to

HRS § 291E-61(a)(3), but determined that, on remand, the State

could proceed to prosecute Nakano under the HRS § 291E-61(a)(3)

method of proof. In his application, Nakano argues that the ICA

violated his right to due process in remanding the HRS § 291E-

61(a)(3) method of proof for further proceedings.

 We conclude that the State cannot prosecute Nakano

under HRS § 291E-61(a)(3). Although the State did not explicitly

agree to give up the HRS § 291E-61(a)(3) method of proof, it

appears to have agreed to Nakano’s no contest plea under HRS

§ 291E-61(a)(1), and any ambiguity as to what the State agreed to

should be construed in favor of Nakano. Accordingly, we affirm

the ICA’s judgment vacating the district court’s judgment, but

 1
 The Honorable Lono J. Lee presided.

 -2-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

clarify that, on remand, the State is precluded from prosecuting

Nakano under the HRS § 291E-61(a)(3) method of proof.

 I. Background

 The following factual background is taken from the

record on appeal.

A. District Court Proceedings

 On June 27, 2011, the State filed a complaint against

Nakano, alleging he committed the offense of OVUII “in violation

of Section 291E-61(a)(1) and/or (a)(3) of the [HRS].” The

complaint did not contain a state of mind allegation.

 At a proceeding on January 23, 2012, the deputy

prosecuting attorney (DPA) informed the district court that the

prosecution and the defense had “come to a conditional plea

agreement” that “Nakano will be pleading No Contest to 291E-

61(a)(1)(b)(1) and --” Defense counsel then stated:
 That’s true, Judge. And we have the form in
 front of you.
 The conditional plea is raised, as you know, the
 issue of whether state of mind is required to be
 charged in a written complaint charging DUI[.] . . .
 So we are preserving that issue for appeal, otherwise
 we’re doing a conditional plea.

 Nakano submitted a Written Submission of Plea form, in

which he initialed the following statements: “I plead . . . No

Contest to the following charge(s): HRS 261E-61(a)(1) and

(b)(1)[.] . . . This is a conditional plea under HRPP Rule

11(a)(2) - Defendant is preserving the issue of the requirement

of state of mind being charged in the written Complaint.”

 -3-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

(Emphasis added).

 The following exchange then occurred at the proceeding:
 THE COURT: Okay. (Indiscernible) stipulate to a
 factual basis.[2]
 [Defense]: Yes. There’s already a written charge, so
 we waive public reading of the written
 charge. And although our argument is that
 the charge is defective because it doesn’t
 include state of mind.

 The DPA then asked to re-arraign Nakano, and Nakano

objected. The district court denied the DPA’s request in light

of a pending appeal of an unrelated case on the same issue, and

because mens rea was a material element and the “original charge

should have been dismissed without prejudice and recharged with

the mens rea language.” The district court continued:
 THE COURT: The written filed complaint . . . has been
 filed, and that is what the defense is
 entering a No Contest Plea to.
 Conditionally, that if the Supreme Court
 overturns the ICA decision regarding mens
 rea that they will be allowed to withdraw
 the plea, correct?
 [Defense]: Yes. I guess, basically, Judge, what I’m
 arguing is that the charge, as it’s
 written, should be dismissed because it’s
 defective. If you deny the motion, yes,
 then we’re -- which I’m making, then we’re
 preserving that issue on a conditional
 plea.
 THE COURT: Okay. . . . [Y]our oral motion is denied.

 The following exchange then occurred regarding Nakano’s

plea of No Contest:
 THE COURT: . . . Okay, so your client’s making a
 conditional plea --
 [Defense]: Yes.

 2
 Because the transcript is indiscernible, it is unclear whether
defense counsel stipulated to a factual basis to the entire charge as set
forth in the complaint, i.e., HRS §§ 291E-61(a)(1) and (a)(3), or only to HRS
§ 291E-61(a)(1), as reflected in the Written Submission of Plea form.

 -4-
***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 THE COURT: -- on the original charge?
 [Defense]: Yes.
 THE COURT: Okay. And waive formal reading of that
 charge is stipulated to a factual basis?
 [Defense]: Yes.
 THE COURT: Okay. Submit --
 [Defense]: Again, preserving our issue for appeal.
 THE COURT: All right.
 Okay. So, Mr. Nakano, you
 previously received a filed copy of the
 complaint for driving under the influence.
 It’s a first offense. The violation date
 was June 10th, 2011. You understand that
 charge?
 [Nakano]: Yes.
 THE COURT: Okay. And what’s your plea?
 [Nakano]: No Contest.
 THE COURT: Okay. No Contest, okay.
 No Contest means you’re not
 contesting the charge, but you were found
 guilty for sentencing. You understand?
 [Nakano]: Yes.
 THE COURT: Okay. And Court did receive a change of
 plea form, okay. It’s stating in
 captions: “Condition.” Your No Contest
 Plea is conditional and that is based on
 your attorney’s arguments before this
 court.
 [Defense]: And I did -- I did write at the end of the
 plea form . . . what the issue is, Judge.
 THE COURT: Right.
 That this is a conditional plea
 under [HRPP] Rule 11(a)(2).[3] Defendant
 is preserving the issue of the requirement
 of state of mind being charged in the
 written complaint.
 [Defense]: Yes.
 THE COURT: Yeah, that’s what it is, right? Okay.
 Any questions about the form?
 [Nakano]: No.
 THE COURT: Okay. You also reviewed the penalties?
 [Nakano]: Yes.
 THE COURT: . . . Knowing [the available] penalties,
 you still want to enter a No Contest Plea?
 [Nakano]: Yes.
 THE COURT: Okay. You’re giving up your right to a

3
 HRPP Rule 11(a)(2) (Supp. 2011) provides:

 Conditional Pleas. With the approval of the court and
 the consent of the State, a defendant may enter a
 conditional plea of guilty or nolo contendere,
 reserving in writing the right, on appeal from the
 judgment, to seek review of the adverse determination
 of any specific pretrial motion. A defendant who
 prevails on appeal shall be allowed to withdraw the
 plea.

 -5-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 trial and to have the State prove this
 charge beyond a reasonable doubt. You
 understand that?
 [Nakano]: Yes.
 THE COURT: And do you want to say anything about this
 offense or sentencing?
 [Nakano]: No.
 THE COURT: No?
 I will accept the No Contest Plea;
 find you guilty as charged. (Inaudible)
 knowing, voluntarily, and intelligent.

(Emphases added).

 The district court then sentenced Nakano, but stayed

the sentence pending appeal.

 The district court subsequently entered its Order and

Notice of Entry of Order reflecting the acceptance of the No

Contest plea and imposing the aforementioned sentence. The Order

and Notice of Entry of Order identified one count against Nakano

-- “HRS 291E-61(a)(1)(3)(b)(1)” -- and noted that it had accepted

Nakano’s nolo contendere plea on that count.4 Nakano timely

filed a notice of appeal.

B. ICA Appeal

 While Nakano’s appeal was pending, but before filing of

Nakano’s opening brief, this court decided State v. Nesmith, 127

Hawai#i 48, 276 P.3d 617 (2012), in which we held that an HRS

 4
 In his application, Nakano argues that the district court did not
convict him of the HRS § 291E-61(a)(3) charge. However, the district court’s
Order and Notice of Entry of Order indicates that the charge in Count 1
included both HRS §§ 291E-61(a)(1) and (a)(3), and that the district court
accepted Nakano’s plea of no contest on this “[c]ount[.]” Thus, it appears
the district court did erroneously convict Nakano on both methods of proof,
despite his conditional plea only to HRS § 291E-61(a)(1).

 -6-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

§ 291E-61(a)(1) charge that omitted mens rea was deficient.5 In

his opening brief, Nakano argued based on Nesmith that the

district court erred in denying his oral motion to dismiss the

HRS § 291E-61(a)(1) complaint. Nakano specifically argued:

“[T]his Court should allow [Nakano] to withdraw his plea on

remand in this case pursuant to HRPP Rule 11(a)(2) and order that

the case be dismissal [sic] by the District Court for lack of

jurisdiction because the Complaint fails to state a proper

charge.”

 In its answering brief, the State acknowledged that the

omission of a state of mind from the HRS § 291E-61(a)(1) charge

rendered it defective under Nesmith. However, the State asserted

that Nakano was charged with violating either HRS §§ 291E-

61(a)(1) or (a)(3), and in light of this court’s decision in

Nesmith, “a state of mind was not required for the HRS § 291E-

61(a)(3) OVUII charge, therefore the charge was not defective

with regard to OVUII charged pursuant to HRS § 291E-61(a)(3).”

 5
 In Nesmith, the defendants were each charged with OVUII in
violation of HRS §§ “291E-61(a)(1) and/or (a)(3)[.]” 127 Hawai#i at 50, 276
P.3d at 619. The complaints against each defendant did not allege mens rea,
and the defendants timely moved to dismiss their respective complaints based
on the argument that the State failed to allege an essential fact, i.e., mens
rea. Id. at 51, 276 P.3d at 620. The trial court denied the motions to
dismiss and subsequently found both defendants guilty as charged. Id. This
court held that the HRS § 291E-61(a)(1) charge must allege mens rea and was
therefore deficient, but that the HRS § 291E-61(a)(3) charge was sufficient
because HRS § 291E-61(a)(3) is a strict liability offense. Id. at 53, 276
P.3d at 622. This court further held that HRS § 291E-61(a)(1) and (a)(3) “can
each serve as the basis for a conviction under HRS § 291E-61.” Id. at 61, 276
P.3d at 630. Because the case had proceeded to trial and there was sufficient
evidence to support the HRS § 291E-61(a)(3) method of proof, this court upheld
the district court’s judgments of conviction and sentence under HRS § 291E-
61(a)(3). Id.

 -7-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

The State further asserted that “on remand [Nakano’s] conviction

and sentence for his no contest plea to the OVUII charge based on

HRS § 291E-61(a)(3) should be affirmed[.]”

 Nakano filed a reply brief and argued that the HRS

§ 291E-61(a)(1) charge must be dismissed without prejudice. In

addition, Nakano contended that he did not enter a plea to the

HRS § 291E-61(a)(3) charge, and therefore, “there is no reason to

address the (a)(3) charge, and the entire Complaint should be

dismissed without prejudice.”

 On April 17, 2013, the ICA filed an initial summary

disposition order (SDO) affirming the district court’s judgment

as to his conviction under HRS § 291E-61(a)(3), but vacating his

conviction under HRS § 291E-61(a)(1). Nakano filed a motion for

reconsideration and argued that he did not plead to the charge

under HRS § 291E-61(a)(3). The ICA filed an Order granting the

motion for reconsideration, and ordered that the April 17, 2013

SDO be vacated and that a new SDO be filed.

 In its April 26, 2013 SDO, the ICA determined:
 Based on the Hawai#i Supreme Court’s decision in
 State v. Nesmith, 127 Hawai#i 48, 61, 276 P.3d 617,
 630 (2012), we conclude that the complaint was
 sufficient to charge OVUII in violation of HRS § 291E-
 61(a)(3), but was insufficient to charge OVUII in
 violation of HRS § 291E-61(a)(1). Thus, no effective
 charge against Nakano under HRS § 291[E]-61(a)(1)
 existed, but the State was entitled to proceed to
 trial on the OVUII offense charged under HRS § 291E-
 61(a)(3). However, where no trial ensued on the
 (a)(3) offense, and where Nakano neither entered a no
 contest plea nor stipulated to a factual basis for the
 OVUII charge under HRS § 291E-61(a)(3), no proof has
 yet been adduced to support a conviction under HRS

 -8-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 § 291E-61(a)(3), and said conviction cannot be
 sustained.

State v. Nakano, No. CAAP-12-0000106, 2013 WL 1789414, *1 (Haw.

App. Apr. 26, 2013).

 Accordingly, the ICA vacated the district court’s

judgment and remanded the case to the district court for further

proceedings. Id.

 Nakano filed a motion for reconsideration and argued:
 The problem with [the April 26, 2013 SDO] is
 that it gives the State an inappropriate “second bite
 at the apple” on the HRS [§] 291E-61(a)(3) charge.
 The date [Nakano] entered a conditional plea on the
 (a)(1) charge was the trial date for the (a)(1) and
 (a)(3) charges. [Nakano] offered to enter a
 conditional plea on the (a)(1) charge, and the State
 chose not to proceed on the (a)(3) charge. By
 allowing [Nakano] to enter the conditional plea only
 to the (a)(1) charge, the State chose to put an end to
 the litigation of the charge of OVUII which is a
 single offense (see State v. Grindles, 70 Haw. 528,
 777 P.2d 1187 (1989)) even though there are multiple
 ways ((a)(1) and (a)(3)) to prove the single OVUII
 offense. By allowing [Nakano] to enter the
 conditional plea, which requires the consent of the
 State . . . to only the (a)(1) charge, the State was
 consenting to give up proceeding on the (a)(3) method
 of proving the OVUII charge. . . . As the Hawaii
 Supreme Court stated in Grindles, it would be a
 violation of a defendant’s due process right to a fair
 trial to allow an OVUII charge . . . to be bifurcated.
 Put another way, it would have been inappropriate for
 the trial court in this case to have allowed a plea
 only resolving the (a)(1) charge and allow the (a)(3)
 charge to “hang out there.”

 On May 7, 2013, the ICA issued an order denying

Nakano’s motion for reconsideration. State v. Nakano, No. CAAP-

XX-XXXXXXX, 2013 WL 1905111, at *1 (Haw. App. May 7, 2013) (Order

Denying Motion for Reconsideration). The ICA stated, in relevant

part:

 -9-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 Grindles is inapposite, where it concerned
 violations of due process and the right against self-
 incrimination by the district court’s requiring the
 defendant to testify (as to one method of DUI) before
 conclusion of the State’s evidence (on another method
 of DUI) in a bifurcated trial. In the instant case,
 where no effective (a)(1) charge existed because of a
 lack of alleged mens rea, Nakano was not placed in
 jeopardy by that defective charge. Additionally, the
 record does not reflect that the State or the district
 court understood that Nakano was pleading only to
 (a)(1), where no confirmation of such by the State
 occurred, and where the district court inquired if
 Nakano was pleading “as charged,” to which Nakano’s
 counsel answered in the affirmative, and then the
 district court proceeded to convict Nakano under
 (a)(3) in addition to (a)(1). Thus, the State’s right
 to proceed to trial notwithstanding the plea does not
 prejudice Nakano’s right to due process.

Id. (footnotes omitted).

 II. Standard of Review

 The appellate court reviews questions of constitutional

law de novo under the “right/wrong” standard and, thus, exercises

its “own independent judgment based on the facts of the case.”

State v. Jenkins, 93 Hawai#i 87, 100, 997 P.2d 13, 26 (2000)

(internal quotation marks and citation omitted).

 III. Discussion

A. On remand, the State may not prosecute Nakano under the HRS
 § 291E-61(a)(3) method of proof

 It is undisputed that the complaint against Nakano

failed to allege a mens rea and, therefore, was insufficient to

charge a violation of HRS § 291E-61(a)(1). See Nesmith, 127

Hawai#i at 61, 276 P.3d at 630. Accordingly, on remand, the

charge of HRS § 291E-61(a)(1) should be dismissed without

prejudice. State v. Spearman, 129 Hawai#i 146, 151-52, 296 P.3d

 -10-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

359, 364-65 (2013). However, because the complaint alleged both

the HRS § 291E-61(a)(1) and (a)(3) methods of proof, this court

must determine whether the State is permitted to proceed under

HRS § 291E-61(a)(3) on remand. Nakano asserts that the State is

precluded from proceeding under HRS § 291E-61(a)(3) because it

“gave up” that method of proof when it “agreed” to Nakano’s no

contest plea solely under HRS § 291E-61(a)(1). For the reasons

set forth below, we agree with Nakano and conclude that the State

may not proceed on the HRS § 291E-61(a)(3) method of proof.

 As noted, Nakano was charged with OVUII under two

alternative methods of proof: HRS § 291E-61(a)(1) (providing that

a person commits OVUII when he or she operates a vehicle “[w]hile

under the influence of alcohol in an amount sufficient to impair

the person’s normal mental faculties or ability to care for the

person and guard against casualty”), and HRS § 291E-61(a)(3)

(providing that a person commits OVUII when he or she operates a

vehicle “[w]ith .08 or more grams of alcohol per two hundred ten

liters of breath”). Nakano filed a Written Submission of Plea

Form in which he entered a plea of no contest solely to the HRS

§ 291E-61(a)(1) method of proof. The form was silent with

respect to HRS § 291E-61(a)(3). The State consented to the

conditional plea at a hearing. See HRPP Rule 11(a)(2) (“With the

approval of the court and the consent of the State, a defendant

may enter a conditional plea of guilty or nolo contendere,

 -11-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

reserving the right, on appeal from the judgment, to seek review

of the adverse determination of any specific pretrial motion.”

(emphasis added)). However, the transcript of the hearing

reveals some ambiguity as to the State’s and the district court’s

understandings of the plea.

 As noted, at the start of the hearing, the DPA informed

the court that “Nakano will be pleading No Contest to 291E-

61(a)(1)(b)(1) and --” The district court subsequently asked

whether Nakano was pleading no contest “on the original charge,”

to which defense counsel stated, “Yes.” However, the district

court also asked whether Nakano understood the Submission of Plea

Form, which contained a plea only as to HRS § 291E-61(a)(1).6

The district court then found Nakano guilty “as charged,” and

defense counsel did not object to that determination.7

 At no time did the parties or the district court

reference the disposition of the HRS § 291E-61(a)(3) charge.

Moreover, the record contains no explicit agreement by the State

that it intended to forego proceeding under HRS § 291E-61(a)(3).

Nevertheless, the State indicated that it had “come to a

 6
 HRPP Rule 11(c)(1) provides: “Advice to defendant. The court
shall not accept a plea of guilty or nolo contendere without first addressing
the defendant personally in open court and determining that the defendant
understands . . . the nature of the charge to which the plea is offered[.]”
 7
 Although the district court entered judgment as to the HRS § 291E-
61(a)(3) method of proof, the record does not establish that Nakano in fact
pleaded no contest to that method of proof, particularly when the Written
Submission of Plea form indicated that Nakano was only entering a plea under
HRS § 291E-61(a)(1). Accordingly, the district court should not have entered
judgment against Nakano on the HRS § 291E-61(a)(3) method of proof.

 -12-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

conditional plea agreement” with Nakano, provided its consent to

the conditional plea, and acknowledged at the hearing that Nakano

was pleading “No Contest to 291E-61(a)(1)(b)(1) and –-” At the

very least, the agreement between the State and Nakano was

ambiguous as to the status of the HRS § 291E-61(a)(3) method of

proof, and any ambiguity in the plea agreement is strictly

construed in favor of the defendant. See State v. Abbott, 79

Hawai#i 317, 320, 901 P.2d 1296, 1299 (App. 1995) (“[A] plea

agreement containing terms that are ambiguous or reasonably

susceptible to different interpretations is strictly construed in

favor of the defendant.”).

 Thus, we construe the State as having given up its

ability to prosecute Nakano under HRS § 291E-61(a)(3) in exchange

for his conditional plea under HRS § 291E-61(a)(1). Put another

way, the State’s consent to the conditional plea reflected a plea

agreement between the State and Nakano, i.e., the defendant pled

no contest and gave up his constitutional rights with respect to

the HRS § 291E-61(a)(1) method of proof, in exchange for the

State’s agreement not to proceed under the HRS § 291E-61(a)(3)

method of proof. See State v. Adams, 76 Hawai#i 408, 412, 879

P.2d 513, 517 (1994) (“A plea agreement is essentially a contract

entered into between the State and the defendant, in which the

defendant agrees to plead guilty or no contest to a charge and to

forego certain constitutional rights (including the right to

 -13-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

trial) in exchange for which the State promises some form of

leniency or cooperation in prosecution.”).

 In these circumstances, allowing the State to prosecute

Nakano under HRS § 291E-61(a)(3) would allow the State to avoid

its end of the bargain, and would thereby violate Nakano’s due

process rights. See State v. Miller, 122 Hawai#i 92, 100-01, 223

P.3d 157, 165-66 (2010). It is well settled in this jurisdiction

that the “state is bound by the terms of a plea agreement which

serves as the inducement or consideration for a defendant’s

guilty or no-contest plea.” Abbott, 79 Hawai#i at 319, 901 P.2d

at 1298 (citing Santobello v. New York, 404 U.S. 257, 262

(1971)). “When a plea rests in any significant degree on a

promise or agreement of the prosecutor, so that it can be said to

be part of the inducement or consideration, such promise must be

fulfilled.” Santobello, 404 U.S. at 262 (emphasis added).

 In Adams, the defendant Barton J. Adams was charged

with 21 counts of fraud and theft. 76 Hawai#i at 409, 879 P.2d

at 514. Adams agreed with the State to plead no contest to one

count of fraud in exchange for, inter alia, the State’s promise

to “stand silent . . . and not oppose” his requests for a

deferred acceptance of his no contest plea and for no jail time.

Id. The State subsequently submitted a “sharply critical” seven-

page “statement” to the Adult Probation Division. Id. Adams

moved to withdraw his plea, but the circuit court denied the

 -14-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

motion. Id. On appeal, this court determined that the State’s

“statement” violated the plea agreement. Id. This court stated,

“because a plea agreement ‘implicates constitutional

considerations -- including the fairness and voluntariness of the

plea,’” “the terms of a plea agreement, which serve as the

inducement for entering a plea, must be fulfilled . . . .

Indeed, due process requires that the State uphold its end of the

bargain.” Id. at 412, 414, 879 P.2d at 517, 519. This court

further concluded, “where a defendant is denied due process

because the prosecution violates a plea agreement, there is

manifest injustice as a matter of law[.]” Id. at 414, 879 P.2d

at 519. Because this court determined that the State breached

the plea agreement, it vacated the circuit court’s order denying

Adams’s motion to withdraw his no contest plea. Id. at 415, 879

P.2d 520.

 Recently, in Miller, this court reaffirmed the holding

of Adams and concluded that within the context of the State’s

agreement to take no position on a defendant’s motion for

deferred acceptance of no contest plea at sentencing, the State

breached the plea agreement, which thereby implicated the

defendant’s due process rights. 122 Hawai#i at 100-01, 223 P.3d

at 165-66. In addition, this court, citing the United States

Supreme Court’s decision in Santobello, concluded that “based on

the breach alone, the case must be remanded in ‘the interests of

 -15-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

justice,’ regardless of prejudice, because, in the case of a plea

agreement, the prosecutor’s ‘promise must be fulfilled.’”

Miller, 122 Hawai#i at 100-01, 223 P.3d at 165-66. This court

concluded, “Under Hawai#i precedent, . . . a breach [of a plea

agreement] implicates due process, and the interests of justice.”

Id. at 101, 223 P.3d at 166 (citations and quotation marks

omitted).

 In the circumstances presented here, permitting the

State to proceed with prosecution under HRS § 291E-61(a)(3) would

constitute a breach of the plea agreement in violation of

Nakano’s due process rights. Accordingly, on remand, the State

is precluded from prosecuting Nakano under the HRS § 291E-

61(a)(3) method of proof. Since Nakano can be given the benefit

of the plea agreement and has not sought to withdraw the plea, we

have no occasion to consider whether any circumstances may exist

that would support a motion to withdraw the plea, if a motion was

filed by Nakano on remand. See Adams, 76 Hawai#i at 414, 879

P.2d at 519.8

 8
 Nevertheless, we recognize that, ordinarily, a defendant who
successfully rescinds a plea agreement is returned to their status prior to
their plea agreement, meaning the defendant must again face all of the charges
in the original complaint. See Adams, 76 Hawai#i at 414 n.5, 879 P.2d at 519
n.5 (noting that “a defendant who elects to have a violated plea agreement
rescinded must plead again to all charges in the original indictment”).
However, in the instant case, it is not necessary to attack the plea agreement
in order to vacate Nakano’s conviction.
 In this sense, United States v. Barron, 172 F.3d 1153 (9th Cir.
1999), is instructive. There, the defendant, William Scott Barron, pled
guilty to three counts in exchange for the government agreeing to refrain from
bringing other, unspecified charges and to refrain from seeking a life
 (continued...)

 -16-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 IV. Conclusion

 We affirm the ICA’s judgment vacating the district

court’s judgment, and remand for further proceedings consistent

with this opinion.

Samuel P. King, Jr., /s/ Mark E. Recktenwald
for petitioner
 /s/ Paula A. Nakayama
Donn Fudo for
respondent /s/ Simeon R. Acoba, Jr.

 /s/ Sabrina S. McKenna

 /s/ Richard W. Pollack

 8
 (...continued)
sentence. Id. at 1155. One of the relevant counts in the plea agreement
required the use of a firearm in relation to a drug trafficking crime. Id.
After the plea was entered, the United States Supreme Court determined in an
unrelated case that the relevant “use” of a firearm required “active
employment” of the firearm. Id. at 1156 (citing Bailey v. United States, 516
U.S. 137, 143 (1995)). Barron then sought to set aside his conviction and
sentence on the firearm count. Id. at 1156. The government conceded that the
facts did not justify Barron’s conviction, but a dispute arose as to whether
the entire plea agreement involving all three counts should be rescinded. Id.
 The Ninth Circuit concluded that Barron was not required to
withdraw his plea as to all three counts in order to set aside his invalid
conviction. Id. at 1156, 1161. In support of its conclusion, the court noted
that “Barron’s motion purely and simply asked the district court to vacate a
conviction that was void as a matter of law. The motion did not attack the
plea agreement in any way.” Id. at 1158. Moreover, the court noted that,
because the firearm conviction was invalid, “[a]s an initial matter the
government could not have said, ‘You are innocent of using a gun, but if
you’ll plead to it, we’ll give up charging you for your career offenses.’”
Id. at 1159.
 These considerations are particularly apt where, as here, the
defendant conditionally pled no contest on the express condition that he be
permitted to challenge the validity of the charge, and the charge ultimately
was ruled invalid. As in Barron, the State could not have, in the first
instance, required Nakano to plead to an invalid charge in exchange for
refraining from prosecuting him under HRS § 291E-61(a)(3). Allowing the State
to pursue that charge now that the invalid conviction has been vacated would
give the State the benefit of a bargain to which Nakano did not agree.
Moreover, the State was well aware of the potential that the HRS § 291E-
61(a)(1) charge would be ruled invalid, given the discussions on the record
regarding this court having accepted an application for a writ of certiorari
in Nesmith. Accordingly, the State “could have anticipated the contingency
that has arisen and included a provision protecting the government’s interest
in the event [the] conviction was vacated; that the government did not do so
does not justify recission of the agreement.” Barron, 172 F.3d at 1161.

 -17-